IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **LUXOTTICA OF AMERICA, INC.** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 4:22-cv-244 |
| § | | Judge Mazzant |
| **BRAVE OPTICAL, INC., JEFFREY GRAY, AND** § | | |
| **DAWN GRAY,** § | | |
| § | | |
| Defendants. § | | |

**DEFENDANTS' ANSWER TO ORIGINAL VERIFIED COMPLAINT
AND AFFIRMATIVE DEFENSES**

Brave Optical, Inc., Jeffrey Gray, and Dawn Gray (collectively, the "Brave Parties") file this verified answer pursuant to Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure within 14 days of the Court's entry of its order denying the Brave Parties' motion to dismiss (Doc. No. 48).

**INTRODUCTION**

1. This Paragraph contains legal conclusions that require no response. To the extent that a response is required, denied.

**PARTIES**

2. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

3. Admitted.

4. Admitted.

5. Admitted.

**JURISDICTION AND VENUE**

6. This Paragraph contains legal conclusions that require no response.

7. This Paragraph contains legal conclusions that require no response.

8. This Paragraph contains legal conclusions that require no response.

**FACTUAL BACKGROUND**

A.     **Famous Pearle Vision Brand and Marks**

9.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

10.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

11.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

12.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

13.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

14.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

15.     The Paragraph contains a legal conclusion that requires no response. To the extent a response is required, the Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

16.     The Paragraph contains a legal conclusion that requires no response.

17.     The Paragraph contains a legal conclusion that requires no response.

18.     The Paragraph contains a legal conclusion that requires no response.

19.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

20.     The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

21. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

22. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

**B.     License Agreement with Brave Optical**

   **i.     License Agreement and Assignment and Assumption Agreement**

23. The Brave Parties admit that they purchased an optical store from Gutman Vision, Inc., but otherwise deny the allegations contained in this Paragraph.

24. The Brave Parties admit that they operated the optical store as a Pearle Vision between 2016 and October 2022, but otherwise deny the allegations contained in this Paragraph.

25. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph.

26. The Brave Parties admit that they signed an assignment and assumption of license agreement but deny that it was a valid agreement.

27.  Denied.

28. The Brave Parties admit that the assignment and assumption agreement contains the statements identified in this Paragraph and admit that they signed the assignment and assumption agreement, but deny that the assignment and assumption agreement was a valid agreement.

29. The Brave Parties admit that the franchise agreement contains the statements identified in this Paragraph. Otherwise, denied.

30. The Brave Parties admit that the franchise agreement contains the statements identified in this Paragraph. Otherwise, denied.

31. The Brave Parties admit that the franchise agreement contains the statements identified in this Paragraph. Otherwise, denied.

32. The Brave Parties admit that the franchise agreement contains the statements identified in this Paragraph. Otherwise, denied.

33. The Brave Parties admit that the franchise agreement contains the statements identified in this Paragraph. Otherwise, denied.

### ii. Personal Guarantees

34. The Brave Parties admit the first sentence in this Paragraph. Otherwise, denied.

### iii. Non-Compete Agreements

35. The Brave Parties admit that Jeff and Dawn Gray signed "Confidentiality/Covenants Not to Compete," but deny that the documents constitute valid agreements.

36. The Brave Parties admit that the "Non-Compete Agreements" contain the statements identified in this Paragraph but deny any applicability to the Brave Parties.

37. The Brave Parties admit that the "Non-Compete Agreements" contain the statements identified in this Paragraph but deny any applicability to the Brave Parties.

## C. State Court Proceeding

38. Admitted.

39. Admitted.

40. The Brave Parties admit that a visiting judge issued the order described in this Paragraph that was promptly rescinded by the sitting judge. Otherwise, denied.

## D. Expiration of the License Agreement

41. The Brave Parties admit the first sentence in this Paragraph. Otherwise, denied.

42. Admitted.

43. The Brave Parties admit the first sentence in this Paragraph. Otherwise, denied.

## E. Use of Pearle Vision Marks After Expiration of the License Agreement

44. Denied.

45. Denied.

46. The Brave Parties admit that the franchise agreement contains provisions similar to those identified in this Paragraph but deny any applicability to the Brave Parties.

47. The Brave Parties admit that the franchise agreement contains provisions similar to those identified in this Paragraph but deny any applicability to the Brave Parties.

48. Denied.

49. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph except to the extent they suggest the Brave Parties are guilty of any wrongdoing or unlawful behavior, which is expressly denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

**F.     Likelihood of Consumer Confusion and Deception.**

54. Denied.

55. Denied.

56. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph except to the extent they suggest the Brave Parties are guilty of any wrongdoing or unlawful behavior, which is expressly denied.

57. Denied.

58. Denied.

59. The Brave Parties deny the first sentence of this Paragraph. The Brave Parties lack knowledge sufficient to admit or deny the remaining allegations contained in this Paragraph except to

the extent they suggest the Brave Parties are guilty of any wrongdoing or unlawful behavior, which is expressly denied.

60. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph except to the extent they suggest the Brave Parties are guilty of any wrongdoing or unlawful behavior, which is expressly denied.

61. The Brave Parties lack knowledge sufficient to admit or deny the allegations contained in this Paragraph except to the extent they suggest the Brave Parties are guilty of any wrongdoing or unlawful behavior, which is expressly denied.

**Count I—Lanham Act Infringement**

62. This Paragraph requires no response.

63. Denied.

**Count II—Lanham Act False Designations**

64. This Paragraph requires no response.

65. Denied.

66. Denied.

**Count III—Common Law Trademark Infringement**

67. This Paragraph requires no response.

68. Denied.

69. Denied.

**Count IV—Common Law Unfair Competition**

70. This Paragraph requires no response.

71. Denied.

72. Denied.

**Count V—Breach of Non-Compete Agreements**

73. This Paragraph requires no response.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

**Count VI—Breach of Personal Guarantees**

78. This Paragraph requires no response.

79. Denied.

80. Denied.

81. Denied.

**Count VII—Unjust Enrichment**

82. This Paragraph requires no response.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

**Demand for Attorneys' Fees and Costs**

87. Denied.

88. This Paragraph requires no response.  To the extent a response is required, denied.

**PRAYER**

The Brave Parties deny any wrongdoing or unlawful behavior, deny that Luxottica is entitled to any of the relief requested in this section, and ask the court to deny all such relief.

## AFFIRMATIVE DEFENSES

89. Luxottica's claims fail, in whole or in part, because it has failed to state a claim on which relief can be granted.

90. Luxottica's claims fail, in whole or in part, because of the doctrines of estoppel and unclean hands.

91. Luxottica's claims fail, in whole or in part, because Luxottica defrauded the Brave Parties.

92. Luxottica's claims fail, in whole or in part, because of a failure of consideration and prior material breach.

93. Luxottica's claims fail, in whole or in part, because of the doctrines of res judicata and license.

94. Luxottica's claims fail, in whole or in part, because the Brave Parties had legal authority.

95. Luxottica's claims fail, in whole or in part, because Luxottica has failed to exercise supervision and control over the use of the trademarks and/or misused the trademarks.

## PRAYER

For these reasons, the Brave Parties ask the Court to dismiss this lawsuit and all claims against the Brave Parties with prejudice and grant them any other relief to which they may be entitled.

Dated: December 7, 2022.

Respectfully submitted,

**JOHNSTON CLEM GIFFORD PLLC**

By: /s/Kate Gaither
    **Kenneth C. Johnston**
    Texas Bar No. 00792608

    **Catherine (Kate) Gaither**
    Texas Bar No. 24059793

1717 Main Street, Suite 3000
Dallas, Texas 75201
(972) 474-1718 Direct
(972) 474-1750 Facsimile
Email: kjohnston@johnstonclem.com
Email: kgaither@johnstonclem.com

*Counsel for Brave Optical, Inc., Jeffrey Gray, & Dawn Gray*

**Certificate of Service**

    I certify that a copy of the foregoing document was served by electronic delivery on all persons and entities receiving ECF notice in this case on December 7, 2022.

By: /s/ Kate Gaither
    **Catherine (Kate) Gaither**