# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LUXOTTICA OF AMERICA, INC., | § § | |
| *Plaintiff,* | § § | Civil Action No. 4:22-CV-244 |
| v. | § § | Judge Mazzant |
| BRAVE OPTICAL, INC., et al | § § § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Partial Motion for Summary Judgment Regarding Breach of Non-Competition Provisions (Dkt. #86). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's Partial Motion for Summary Judgment Regarding Breach of Non-Competition Provisions (Dkt. #86) should be **DENIED.**

### BACKGROUND

This case concerns a trademark and breach of contract dispute between Plaintiff Luxottica of America, Inc. ("Luxottica") and Defendants Brave Optical, Inc., Jeffrey Gray, and Dawn Gray (the "Grays") (collectively, the "Brave Parties") regarding two vision stores the Brave Parties own and operate in Plano, Texas.

On April 3, 2023, Luxottica filed the present motion for summary judgment (Dkt. #86). On April 24, 2023, the Brave Parties responded (Dkt. #91). On May 1, 2023, Luxottica filed its reply brief (Dkt. #94).

### LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper

under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the Court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this

burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Luxottica filed a motion for summary judgment relating to the Brave Parties' alleged breach of the parties' non-compete agreement. After a careful review of the record and arguments presented, the Court is not convinced that Luxottica met its burden demonstrating that there is no material issue of fact as to this claim entitling it to judgment as a matter of law. Accordingly, the Court finds that Luxottica's motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Partial Motion for Summary Judgment Regarding Breach of Non-Competition Provisions (Dkt. #86) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 18th day of July, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE