# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LUXOTTICA OF AMERICA, INC., § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> BRAVE OPTICAL, INC., et al., § <br> § <br> *Defendants.* § | Civil Action No. 4:22-CV-244 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Jeffrey Gray and Dawn Gray's Motion to Reconsider (Dkt. #130). The Grays move the Court to reconsider its July 18, 2023 Memorandum Opinion and Order (Dkt. #126) entering a preliminary injunction. Having considered the motion, the relevant pleadings, and the applicable law, the Court finds that the Grays' motion should be **DENIED**.

### BACKGROUND

This case concerns both a trademark dispute between Plaintiff Luxottica of America, Inc. ("Luxottica") and Defendants Jeffrey and Dawn Gray (the "Grays") and Brave Optical, Inc., (collectively, the "Brave Parties"), and the Grays' purported operation of a competing business in violation of the parties' Non-Compete Agreements (Dkt. #130, Exhibit 1 at pp. 6–9).

On August 17, 2023, the Grays filed this Motion (Dkt. #130) asking the Court to reconsider its July 18, 2023 Memorandum Opinion and Order (the "Order") (Dkt. #126) entering a preliminary injunction. The Court incorporates the background discussion from its Order (Dkt. #126 at pp. 1–11). The Court ordered that "the Grays will not, either directly or indirectly, engage or participate in a competing business within a three (3) mile radius of the Stores as a proprietor,

partner, investor, shareholder, director, officer, employee, principal, agent, advisor, or consultant thereof for that competing business until October 19, 2023" (Dkt. #126 at p. 29). The Grays request that the Court dissolve the injunction because the Court based its decision on a mistaken factual premise (Dkt. #130 at pp. 1, 8).

On August 31, 2023, Plaintiff Luxottica of America Inc. ("Luxottica") filed its Response (Dkt. #132). On September 7, 2023, the Grays filed their Reply (Dkt. #133). On October 6, 2023, the Court completed a bench trial on the merits of this case (Dkt. #161). The Court's findings of fact and conclusions of law on the matter are pending.

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. "The Fifth Circuit recently explained that 'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)). Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b). "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that

2

adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting FED. R. CIV. P. 54(b)). "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

The Grays suggest the Court incorrectly held that the Grays, instead of Brave Optical, Inc., elected actual damages as their remedy in the Texas state court action (the "State Action") (Dkt. #130 at p. 1). The Grays argue that only Brave Optical, Inc., made an election of remedies and that they never ratified the Non-Compete Agreements through an election themselves (Dkt. #130 at p. 8). Accordingly, they contend the Non-Compete Agreements are unenforceable against the Grays as a matter of law. Because of this purported factual misconception, the Grays argue the Court erroneously concluded that Luxottica had shown it is likely to succeed on its claim that the Brave Parties were in breach of the Non-Compete Agreements (Dkt. #130 at p. 8).

The Grays have not offered new evidence, nor do they cite an intervening change in the substantive law. As to their point of factual error, however, the Court acknowledges that it incorrectly held that the Grays elected actual damages as their remedy in the State Action. The Final Judgment states "Plaintiffs are entitled to elect between recission of their agreements (Plaintiff Exhibits 66, 128 Defendants exhibits 56, 57) with Defendant [Luxottica], or the recovery

3

of damages from fraud, whichever provides the greater relief. In accordance with the findings of the jury in this action, Plaintiff Brave Optical, Inc.[,] is entitled to recover its damages resulting from its loss of profits caused by the fraud" (Dkt. #130, Exhibit 3 at pp. 2–3). At first glance, such language suggests that the Grays, as plaintiffs in their individual capacities, along with Brave Optical, Inc., were each given the option to either rescind the agreements at issue, which seemingly included their Non-Compete Agreements, or recover damages from fraud (Dkt. #130, Exhibit 3; Dkt. #132 at p. 9). The Final Judgment indicates, however, that the state court ordered Brave Optical, Inc., not the Grays themselves, to recover actual damages from Luxottica (Dkt. #130, Exhibit 3 at p. 3). In addition, the Final Judgment shows that the state court only rendered judgment for Brave Optical, Inc., on all claims asserted against Luxottica (Dkt. #130, Exhibit 3 at p. 2). Accordingly, it appears that only Brave Optical, Inc., made an election of remedies in the State Action.

      This factual error, however, does not change the ultimate outcome reached in the Order. To date, the Court is unaware whether the Grays, in their individual capacities, have ever sought to seek damages or rescind their Non-Compete Agreements because of fraudulent inducement. "Under well-established principles of Texas law, when a party discovers fraudulent inducement in the making of a contract, that party must choose within a reasonable time *either* to (1) stand to the bargain and seek damages for fraud, *or* (2) rescind the contract." *Perenco Nig. Ltd. v. Ashland Inc.*, 242 F.3d 299, 306 (5th Cir. 2001) (emphasis in original). Otherwise, the right of rescission can be waived. *See Shaddock v. Grapette Co.*, 259 S.W.2d 231, 234 (Tex. Civ. App. 1953) ("It is the duty of the defrauded party, at the earliest practicable time after discovery of the fraud, to act to rescind the agreement. Any delay, or any conduct inconsistent with an intention of avoiding it, has the effect of waiving the right of rescission."). Despite this lack of clarity surrounding the State Action,

4

the Court finds Luxottica's arguments convincing.

Luxottica argues that the Grays' position that "the Non-Compete Agreements are unenforceable because the jury found they were fraudulently procured *necessarily requires* that the jury found Brave Optical was a party to the Non-Compete Agreements" (Dkt. #132 at p. 7) (emphasis in original). The jury's fraud findings pertained only to Brave Optical, Inc., and, according to the state court's Final Judgment, Brave Optical, Inc., was entitled to elect between rescission of their agreements with Luxottica or recover damages from the fraud (Dkt. #130, Exhibit 3 at pp. 2, 14–44; Dkt. #54, Exhibit 4 at pp. 1–9; Dkt. #58 at p. 20; Dkt. #132 at p. 9).

It appears that the state court either considered Brave Optical, Inc., to be a party to the Non-Compete Agreements, or it considered the Non-Compete Agreements as integral to the Assignment and Assumption Agreement. The Non-Compete Agreements were, after all, part and parcel to the underlying Assignment and Assumption Agreement as contractual exhibits. And, as noted by Luxottica, the "Entire Agreement" provision of the Assignment and Assumption Agreement states that "[t]his Agreement *and all documents executed in conjunction herewith* set forth the full understanding between the parties" (Dkt. #130, Exhibit 1 at p. 3) (emphasis added). In either scenario, Brave Optical, Inc., seemingly had the power to rescind the Grays' Non-Compete Agreements if it had so chosen but instead elected to recover damages. Accordingly, the Court concludes that Brave Optical, Inc.'s, election of damages ratified the enforceability of the Non-Compete Agreements as to the Grays.

Because the Grays have not shown the need to correct a clear error of law or prevent manifest injustice, or any other justification for reconsideration, the Court must stand by the Order. Additionally, to preserve the status quo, the Court finds it necessary to extend the preliminary injunction's expiration date to until the Court decides its findings of fact and conclusions of law

for the bench trial on the merits.

## CONCLUSION

It is therefore **ORDERED** that Defendants Jeffrey Gray and Dawn Gray's Motion to Reconsider (Dkt. #130) is hereby **DENIED**.

It is further **ORDERED** that the Court's preliminary injunction issued in its July 18, 2023 Memorandum Opinion and Order (Dkt. #126) is modified as follows: the Grays will not, either directly or indirectly, engage or participate in a competing business within a three (3) mile radius of the Stores as a proprietor, partner, investor, shareholder, director, officer, employee, principal, agent, advisor, or consultant thereof for that competing business, pending the Court's issuance of the findings of fact and conclusions of law for the bench trial on the merits.

**IT IS SO ORDERED.**

SIGNED this 19th day of October, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE