# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LUXOTTICA OF AMERICA, INC., | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:22-CV-244 |
| | § | Judge Mazzant |
| v. | § | |
| | § | |
| BRAVE OPTICAL, INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Alter or Amend Judgment (Dkt. #184). Having considered the motion, the relevant pleadings and the applicable law, the Court finds that Defendants' motion should be **DENIED**.

## BACKGROUND

On January 10, 2024, the Court rendered final judgment in this case, issuing a permanent injunction against Defendant Brave Optical, Inc. to enforce the covenant not to compete in the License Agreements and issuing permanent injunctions against Defendants Jeffrey Gray and Dawn Gray to enforce their individual non-compete agreements (Dkt. #179 at pp. 1–2). The Court also dismissed Plaintiff Luxottica of America Inc.'s claims and Defendants' counterclaims with prejudice (Dkt. #179 at pp. 1–2). Twenty-eight days later, on February 7, 2024, Defendants filed the instant motion (Dkt. #184). On February 21, 2024, Plaintiff filed a response (Dkt. #186).

## LEGAL STANDARD

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas. Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "Reconsideration of a judgment after its entry is an extraordinary remedy

that should be used sparingly." *Id.* at 479 (citing *Clancy v. Emp'rs Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). In the Fifth Circuit, Rule 59(e) standards "favor the denial of motions to alter or amend a judgment." *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993) (citations omitted). Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) where there has been a manifest error of law or fact. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) (citing *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Id.* (citing *Marseilles Homeowners Condo. Ass'n v. Fid. Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008)).

## ANALYSIS

Defendants argue that the Court should amend the final judgment because Plaintiff's claims for breach of the License Agreements and non-compete agreements are barred by res judicata (Dkt. #184 at p. 5). Defendants argue that because Plaintiff "amended its claims at trial of this action to include a previously unasserted breach of the non-compete provisions under the License Agreements," they were unable to specifically raise a res judicata argument at trial relative to that claim (Dkt. #184 at pp. 5–6). Defendants further argue that the final judgment did not address the general res judicata defense which Defendants argue they raised to Plaintiff's claims, thus making Rule 59(e) relief appropriate (Dkt. #184 at p. 6). Defendants contend that res judicata bars Plaintiff's claims because they accrued on March 1, 2022—"one month *after* Luxottica represented to the state court that it wished to amend its counterclaims in that case to include

2

*claims against the same Defendants for breach of the same contract* in the interest of trying all claims together"—and because such claims were "part of a larger and more complicated disputed among the parties" in the state action (Dkt. #184 at p. 6) (emphasis in original).

In response, Plaintiff first argues that Defendants indeed pursued a res judicata defense prior to trial but waived their defense by failing to pursue it at trial (Dkt. #186 at pp. 3–5). Plaintiff argues that Defendants "never argued at trial that Luxottica's non-compete claims were barred by res judicata" and "never requested a finding on this defense in their Proposed Findings of Facts and Conclusions of Law submitted both before and after the trial" (Dkt. #186 at p. 5). Even if Defendants did not waive their res judicata defense, Plaintiff next argues that Defendants' defense fails on the merits (Dkt. #186 at pp. 5–8). Plaintiff argues such defense fails because Plaintiff's breach of contract claim in the state court action was based on a different provision in the License Agreements—Section 10.1 instead of Section 14.2—and based on Defendants' conduct while they were still licensed operators (Dkt. #186 at pp. 5–6). Plaintiff also alludes to representations made by counsel for both sides that the deadline to amend pleadings to add new claims in the state court action had already passed by the time the non-compete claims became ripe in February 2022 (Dkt. #186 at p. 4). Plaintiff argues that it could not have raised the non-compete claims in state court because they were not ripe at a time that allowed Plaintiff to do so (Dkt. #186 at p. 8).

The Court finds that Defendants waived their argument that res judicata bars Plaintiff's claims for breach of Section 14.2 in the License Agreements and breach of the non-compete claims. A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet*, 367 F.3d at 478–79. Although Defendants asserted in their Answer that "Luxottica's claims fail, in whole or in part,

3

because of the doctrines of res judicata, claim preclusion, and license[,]" Defendants failed to pursue such defense at trial (Dkt. #64 at p. 10). Significantly, Defendants did not offer at trial evidence of Plaintiff's state court pleadings in which it had asserted counterclaims against Defendants in the state action—which are now attached as an exhibit to the pending motion (*see* Dkt. #165; Dkt. #184, Exhibit 1 at pp. 1–36). Further, Defendants did not raise res judicata as a defense in either their proposed Findings of Fact and Conclusions of Law or in their various trial briefs, despite raising other affirmative defenses (Dkt. #118; Dkt. #175). Defendants had ample opportunity to pursue and raise arguments in support of a res judicata defense at trial but simply failed to do so. Thus, there is not a sufficient basis upon which Rule 59(e) relief can be granted.

Even if Defendants had not waived their res judicata defense, the Court finds that such defense would still fail on the merits. "Res judicata requires proof of the following elements: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Leavitt v. McLane Co., Inc.*, No. 03-19-00529-CV, 2021 WL 1680217, at *2 (Tex. App.—Austin Apr. 29, 2021, pet. denied). Moreover, "[a] party asserting the defense of res judicata has the burden to present sufficient evidence to establish that it should apply, including the judgment and pleadings from the prior suit." *Walker v. Sharpe*, 807 S.W.2d 442, 447 (Tex. App.—Corpus Christi 1991, no writ).

Defendants offered insufficient evidence at trial to establish res judicata. The very pleadings on which Defendants now rely were neither offered nor admitted into evidence at trial (*see* Dkt. #165). Defendants had the opportunity to present such evidence but did not do so to their detriment. The evidence at trial consisted of the state court's final judgment and jury charge,

neither of which show that the claims in this action were asserted in the prior action. On the contrary, the evidence shows that Plaintiffs asserted breach of contract claims that were separate and distinct in nature from the claims asserted in this action and that were predicated on a different provision in the License Agreements.

In addition, the evidence at trial did not establish that the claims at issue could have been brought in the first action. Despite the representations made by counsel, Defendants did not offer evidence at trial that Plaintiffs could have amended their pleadings to assert the claims at issue as counterclaims in the state action. Plaintiff was added as a defendant in the state action in 2019, but Plaintiff's non-compete and Section 14.2-based claims in this action did not respectively accrue until after the License Agreements respectively expired on February 28, 2022, and March 19, 2023 ("Dkt. #178 at pp. 14, 29). *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 314 (Tex. 2006) ("It is well-settled law that a breach of contract claim accrues when the contract is breached."). And "causes of action that could not have accrued at the time of a previous suit are not barred by res judicata." *Tro-X, L.P. v. Eagle Oil & Gas Co.*, 608 S.W.3d 1, 12 (Tex. App.—Dallas 2018), *aff'd*, 619 S.W.3d 699 (Tex. 2021). "Thus, breach of contract claims that could not have been brought in a prior suit because the alleged breaches that are the subject of the second suit had not yet happened are not barred in a subsequent suit." *Id.*; *accord Welsh v. Fort Bend Indep. Sch. Dist.*, 860 F.3d 762, 766 (5th Cir. 2017) (relying on Texas law to reject the argument that "every time something happens after a lawsuit is filed the plaintiff must immediately amend or risk losing that claim forever"); *Pagosa Oil & Gas., L.L.C. v. Marrs & Smith P'ship*, 323 S.W.3d 203, 216–17 (Tex. App.—El Paso 2010, pet denied) (holding no res judicata where "[t]he prior lawsuit was filed prior to the breach of contract cause of action becoming mature.").

Accordingly, the Court finds that Defendants' motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Alter or Amend Judgment (Dkt. #184) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of August, 2024.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE