# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LUXOTTICA OF AMERICA INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. 4:22-cv-244 |
| | § | Judge Mazzant |
| BRAVE OPTICAL, INC., JEFFREY | § | |
| GRAY AND DAWN GRAY, | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Luxottica's Application for Attorneys' fees and Costs (Dkt. #182). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED in part** and **DENIED in part**.

## BACKGROUND

On October 4, 2023, this action came before the Court in a bench trial (Dkt. #158; Dkt. #159; Dkt. #161). On January 10, 2024, the Court issued its Findings of Fact and Conclusions of Law (Dkt. #178). That same day, the Court issued its Final Judgment, dismissing all claims in the action with prejudice except for Plaintiff's claim for breach of a non-competition agreement, for which the Court found in Plaintiff's favor (Dkt. #180). As part of the Final Judgment, the Court awarded Plaintiff attorneys' fees and costs (Dkt. #180). Given that the Court has already entered Final Judgment, and that the matter pending before the Court concerns post-trial recovery of attorneys' fees and court costs, the Court need not recite the facts of the case here (Dkt. #178). Instead, the Court will summarize the relevant procedural history.

Over the course of this litigation, two firms have represented Plaintiff. First, Calhoun, Bhella & Sechrest, LLP ("CBS") represented Plaintiff in the state court proceedings and the federal proceedings in this case until June 2023 (Dkt. #114). While representing Plaintiff, CBS performed a variety of work on the case, including on Plaintiff's non-competition claims raised before the Court (Dkt. #182–8). In June of 2023, Plaintiff terminated CBS and retained Lynn Pinker Hurst & Schwegmann, LLP ("LPHS") as trial counsel (Dkt. #114). LPHS handled the pretrial, trial, and post-trial matters in this Court for Plaintiff (Dkt. #182–2). At all relevant times Johnston Clem Gifford PLLC represented Defendants (Dkt. #183–1).

On January 24, 2024, Plaintiff filed its Application for Attorneys' Fees and Costs, seeking $366,354.42 in attorneys' fees, $25,560 for fees in preparing the Application, and $25,108.62 in discounted costs and expenses, for a total of $417,023.04 (Dkt. #182). Britta Stanton of LPHS prepared the Application for Attorneys' Fees and Costs, including her Declaration to explain the lodestar method and opinions of work done (Dkt. #182–1). However, Plaintiff did not file a Bill of Costs, a Joint Motion for a Contested Bill of Costs, or a Motion by Plaintiff for a Contested Bill of Costs that complied with Local Rule CV-54's procedural requirements for the recovery of court costs (*See* Dkt. #182). On February 7, 2024, Defendants filed their Response, opposing the amount of attorneys' fees Plaintiff seeks and requesting that the Court reduce the award for work that is intertwined between recoverable and non-recoverable claims (Dkt. #183). Catherine Gaither prepared Defendants' Response to Plaintiff's Application and attached her Declaration explaining why a reduction of Plaintiff's requested award is necessary (Dkt. #183–1). Plaintiff filed its Reply in Support of Its Application for Attorneys' Fees and Costs on February 14, 2024 (Dkt. #185).

**LEGAL STANDARD**

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). "When fee-shifting is authorized, whether by statute or contract, the party seeking a fee award must prove the reasonableness and necessity of the requested attorneys' fees." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 484 (Tex. 2019). Under Texas law, the movant bears the burden to show the reasonableness of the fees they are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (applying substantive federal law because it is a federal cause of action but also discussing Texas's adoption of the lodestar method in other cases)). The movant may calculate their reasonable and necessary attorneys' fees using either the lodestar method or the market value method. *Id.*; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.). Certain causes of action require use of the lodestar method. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). However, even if the law does not require it, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Id.*

Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process.[1] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate and then multiply the two together to arrive at the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412). Second, courts adjust the product

---

[1] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar." *El Apple*, 370 S.W.3d at 764–65.

of the lodestar calculation up or down "if relevant factors indicate an adjustment is necessary to reach a reasonable fee in the case." *Id.* The product of the lodestar method is presumptively reasonable. *Id.* at 765. A court should only modify the lodestar up or down in exceptional cases. *Id.* In making any adjustment, the Court considers twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).  The *Johnson* factors are:

1. Time and labor required;
2. Novelty and difficulty of issues;
3. Skill required;
4. Loss of other employment in taking the case;
5. Customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by client or circumstances;
8. Amount involved and results obtained;
9. Counsel's experience, reputation, and ability;
10. Case undesirability;
11. Nature and length of relationship with the client; and
12. Awards in similar cases.

*Id.* (citing *Johnson*, 488 F.2d at 717–19).

The most critical factor in determining reasonableness is the degree of success obtained. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted). Three of the *Johnson* factors—complexity of the issues, results obtained, and preclusion of other employment—are fully reflected in the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special

heed to the time and labor involved, the customary fee, the amount involved, and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047.

The party seeking to recover attorneys' fees must segregate its attorneys' fees between those fees on a claim that allows their recovery and those which do not allow for recovery. *Tony Gullo Motors I, L.P., v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). However, the duty to segregate fees does not arise when fees for recoverable services are "intertwined" with unrecoverable fees. *Id.* at 313–14. That is, the party seeking to recover attorneys' fees need not segregate fees when discrete legal services advance both a recoverable and unrecoverable claim. *Id.* Thus, various routine activities may be intertwined between recoverable and non-recoverable work, such as:

> [r]equests for standard disclosures, proof of background facts, depositions of the primary actors, discovery motions and hearings, voir dire of the jury, and a host of other services may be necessary whether a claim is filed alone or with others. To the extent such services would have been incurred on a recoverable claim alone, they are not disallowed simply because they do double service.

*Id.* at 313. When intertwined fees are present, the same level of proof may establish the reasonableness and necessity of the requested fees—an attorney's opinion about the percent of the work done that would still have been necessary, absent the nonrecoverable claims. *Id.* at 314 ("This standard does not require more precise proof for attorneys' fees than for any other claims or expenses. . . . [A]n opinion would have sufficed stating that, for example, 95 percent of their drafting time would have been necessary even if there had been no fraud claim."). "[I]f a fee opponent seeks a reduction, it bears the burden of *providing specific evidence* to overcome the presumptive reasonableness of the base lodestar figure." *Rohrmoos*, 578 S.W.3d at 501 (emphasis added). In the context of challenging intertwined fees, specific evidence can take the form of pointing out specific unrecoverable work in those fees or by providing a well-reasoned

5

controverting opinion. *See Hillegeist Fam. Enters., LLP v. Hillegeist*, 667 S.W.3d 349, 360 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (specific evidence in the form of identification of unrecoverable fees requested and an alternative percentage for intertwined fees); *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, No. 22-50254, 2023 WL 4056498, at *4 (5th Cir. June 19, 2023) (upholding the district court's finding of the percentage of necessary work in intertwined fees based on the fee opponent review of the fee proponent's "complete legal output, divided by tasks such as discovery, depositions, trial time and exhibits, appellate briefs, opinions, and remand issues, and found that 23.5% of [the fee proponent's] total fees would have been incurred.").

## ANALYSIS

Plaintiff seeks to recover attorneys' fees for all work done involving its non-competition claim (including those fees intertwined with other non-recoverable claims), and this application for attorneys' fees, as well as court costs (Dkt. #182). Defendants contest the appropriate amount of recovery in each of these three categories (Dkt. #183). The Court will evaluate the recovery of each category in turn.

## I.    The Lodestar Calculation

The Court begins with the base calculation: *Time x Rate = Presumptively Reasonable. See Rohrmoos*, 578 S.W.3d at 497–98 ("the fact finder's starting point for calculating an attorney's fee award is determining the reasonable hour worked multiplied by a reasonable hourly rate."). This base lodestar calculation, when supported by sufficient evidence, reflects presumptively reasonable and necessary attorneys' fees. *Id.* at 499. Plaintiff seeks a grand total of $391,914.42 (*See* Dkt. #182). Of that total amount, $303,104.00 is for work performed by LPHS. The remaining $88,810.42 is for work performed by CBS (Dkt. #182 at p. 1). In support of its request for attorneys' fees, Plaintiff submitted the Declaration of Britta Stanton, a line item for both LPHS's and CBS's

fees and costs, and the respective hourly rates and qualifications of those who worked on the case (Dkt. #182; Dkt. #182–1; Dkt. #182–2; Dkt. #182–8).

### A.    Reasonable Hourly Rate

"The reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *BMO Harris Bank, N.A. v. RidgeAire, Inc.*, No. 6:12-cv-550, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant legal community is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990). Typically, parties establish the reasonable hourly rate through affidavits of other attorneys practicing in the community. *Tollett*, 285 F.3d at 368. However, "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). The trial court itself is also considered an expert as to the reasonableness of attorneys' fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorneys' fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)).

The Declaration accompanying Plaintiff's Motion outlines the fee rate and number of hours four LPHS attorneys and a paralegal spent working on this action, as well as the fee rate and number of hours that five CBS attorneys and two paralegals spent on this matter before LPHS became involved (Dkt. #182–1 at ¶¶ 5–38). In support of the reasonableness of these fees, Stanton renders her opinion on that the LPHS and CBS fee rates are reasonable for the market (Dkt. #182–1 at ¶ 25). Stanton has practiced law in Texas for over twenty years, primarily handling commercial

litigations similar to this case (Dkt. #182–1 at ¶ 5). Certainly, Stanton is qualified to opine on the prevailing market rates, given that she is an experienced litigator in the area of law in this case. Because "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate, Stanton's Declaration is sufficient evidence of the prevailing market rate. *See Smith & Fuller, P.A.*, 685 F.3d at 491.[2]

The LPHS attorneys billed at the following rates for this case:

1. Britta Stanton, a partner, billed at a rate of $750.00 per hour;
2. Chris Schwegmann, a partner, billed at a rate of $800.00 per hour;
3. Amanda Alexander, an associate, billed at a rate of $450.00 per hour;
4. Jessica Cox, an associate, billed at a rate of $450.00 per hour; and
5. Scott Smoot, a paralegal, billed at a rate of $270.00 per hour.

The CBS attorneys billed at the following rates for this case:

1. Mary Melle, a partner, initially billed at a rate of $350.00 per hour, but her fee rate increased to $475.00 per hour by June 2023;
2. Gwen Bhella, a partner, initially billed at a rate of $375.00 per hour, but her fee rate increased to $475.00 per hour by June 2023;
3. Lucian Chen, a former partner, initially billed at a rate of $547.13 per hour, but his rate increased to $550.00 per hour by June 2023;
4. Todd Nosher, a former partner, billed at a rate of $550.00 per hour;
5. Jocelin Tapia, an associate, billed at a rate of $325.00 per hour;
6. Andrea Castillo, a paralegal, initially billed at a rate of $150,00 per hour, but her rate increased to $175.00 per hour by June 2023; and

---

[2] Additionally, Defendants do not challenge the reasonableness of Plaintiff's fee rate (*See* Dkt. #183).

      7. Wendy Harpel, a paralegal, initially billed at a rate of $150.00 per hour, but her rate increased to $175.00 per hour by June 2023.

After reviewing the Declaration, the Court agrees that the above rates are reasonable for the prevailing market rate for the Sherman and Dallas-Fort Worth legal community.[3] *See, e.g., Natour v. Bank of Am., N.A.*, No. 4:21-CV-00331, 2022 WL 3581396, at *3–4 (E.D. Tex. Aug. 19, 2022) (finding a $385.00 hourly rate to be a reasonable charge); Ad*vanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-02355-G-BT, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding a range from $537.00 to $862.00 per hour to be reasonable rates); *see also Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906–07 (E.D. Tex. 2017) (finding a range from $450.00 to $860.00 per hour to be reasonable rates). Thus, the Court finds LPHS and CBS billed reasonable rates in line with the prevailing local market rate.

## B.    Reasonable Hours Expended

The party seeking reimbursement of attorneys' fees also bears the burden of establishing the number of hours expended by presenting adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). In determining the reasonableness of the hours worked, the Court can only include those hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* To prove the reasonableness of the hours worked, the party seeking to recover attorneys' fees "should include the basic facts underlying the lodestar, which are: (1) the nature of the work, (2) who performed the services and their rate, (3) approximately when the services were performed, and (4) the

---

[3] The Court has previously found that the Dallas-Fort Worth market can be an appropriate guide for determining the reasonableness of rates. *See Solferini v. Corradi*, No. 4:18-cv-293-ALM, 2021 WL 5415293, at *5 (E.D. Tex. Nov. 19, 2021) (collecting cases).

number of hours worked." *Rohrmoos*, 578 S.W.3d at 494–95 (citing *El Apple*, 370 S.W.3d at 762–63)).

The Application for Attorney's Fees, Declaration, and attached billing tables outline the total amount of hours worked by each individual, listing which person performed the work, how long they spent on the task, and what work was performed (*See* Dkt. #182; Dkt #182–1; Dkt. #182–2; Dkt. #182–8). In all, the billing tables contain hundreds of entries from March 12, 2022, through November 3, 2023 (Dkt. #182–2; Dkt. #182–8). The Court concludes that Plaintiff's descriptions in the billing tables are sufficient to establish reasonableness under lodestar. In the Fifth Circuit,

> we are mindful that practical considerations of the daily practice of law in this day and age preclude "writing a book" to describe in excruciating detail the professional services rendered for each hour or fraction of an hour. We also recognize that, in this era of computerized timekeeping, many data processing programs limit the amount of input for any given hourly or daily entry.

*Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995). Using the basic calculation, multiplying the reasonable hourly rate by the reasonable number of hours spent on this matter, the lodestar amount for LPHS is broken down as follows:

| Timekeeper | Title | Rate | Hours | Total |
|---|---|---|---|---|
| Britta Erin Stanton | Partner | $750.00 | 310.8 | $233,100.00 |
| Christopher J. Schwegmann | Partner | $800.00 | 2.8 | $2,240.00 |
| Amanda Alexander | Associate | $450.00 | 253.4 | $114,030.00 |
| Jessica D. Cox | Associate | $450.00 | 191.1 | $85,995.00 |
| Scott Smoot | Paralegal | $270.00 | 175.4 | $47,358.00 |
| **TOTAL** | | | | **$482,723.00** |

And the lodestar amount for CBS is broken down as follows:

| Timekeeper | Title | Rate | Hours | Increased Rate[4] | Hours | Total |
|---|---|---|---|---|---|---|
| Marry M. Melle | Partner | $350.00 | 19.0 | $475.00 | 184.3 | $94,192.50 |
| Gwen E. Bhella | Partner | $375.00 | 17.0 | $475.00 | 56.9 | $33,402.50 |
| Lucian C. Chen | Partner | $547.13 | 18.9 | $550.00 | 31.7 | $27,775.76 |
| Todd M. Nosher | Partner | $550.00 | 89.5 | - | - | $49,225.00 |
| Jocelin Tapia | Associate | $325.00 | 6.6 | - | - | $2,145.00 |
| Andrea Castillo | Paralegal | $150.00 | 9.4 | $175.00 | 19.3 | $4,787.50 |
| Wendy Harpel | Paralegal | $150.00 | 10.8 | $175.00 | 78 | $15,270.00 |
| TOTAL | | | | | | $226,798.26 |

Having determined that Plaintiff has correctly used the lodestar for its attorneys' fee calculations, the Court will turn to the primary point of contention between the Parties: the recoverable fees for intertwined work performed that assisted the non-competition claims, as well as Plaintiff's other claims. To do so, the Court will first determine which fees which are undisputed. Then the Court will turn to the amount of disputed fees Plaintiff is entitled to.

## II.    Undisputed Fees

Defendants do not challenge Plaintiff's lodestar calculation as to the reasonable hourly rate, nor to the hours expended (*See* Dkt. #183). Out of all of the claimed fees, Defendants challenge the recoverable percentage of intertwined fees, and the amount of time Plaintiff spent on the Fee Application (*See* Dkt. #183). Notably, Defendants do not dispute Plaintiff's claims for any fees solely dedicated to work on the non-competition claims (*See* Dkt. #183). In total, Plaintiff seeks $96,307.50 in undisputed attorneys' fees for work on the non-competition claims (Dkt. #182–2). $75,740.00 of those fees are for work LPHS performed and $20,567.50 of those fees are for work CBS performed (*See* Dkt. #182–2; Dkt. #182–8). Because the Court has found the application of

---

[4] According to Stanton's Declaration, the CBS attorneys had a rate increase sometime during the course of representing Luxottica (Dkt. #182–1 at pp. 7).

the lodestar method was correct, and Defendants do not challenge these fees, the Court finds Plaintiff is entitled to recover $96,307.50 in undisputed attorneys' fees.

## III.    Disputed "Intertwined" Fees

The heart of the dispute are the intertwined attorneys' fees that Plaintiff seeks to recover (*See* Dkt. #182; Dkt. #183; Dkt. #185). In total, Plaintiff seeks $295,647.23 in disputed fees (*See* Dkt. #182; Dkt. #183). Of those, Plaintiff seeks $270,087.23 for so-called intertwined work, where its attorneys performed necessary, discrete legal work that advanced both its non-competition claim as well as its other claims (Dkt. #182). *See Tony Gullo*, 212 S.W.3d at 311. Of that amount, Plaintiff seeks $201,804.00 for LPHS's intertwined fees, $57,975.81 for CBS's intertwined fees for work performed on the federal court claims, and $10,307.42 for CBS's intertwined fees for work performed on the state court claims (Dkt. #182 at p. 8). The remaining $25,560.00 is related to LPHS's work performed in preparing the Application for Attorneys' Fees and Costs (Dkt. #182 at p. 8). In order to calculate the appropriate fee for intertwined work, Plaintiff relied on Stanton's opinion regarding the percentage of the intertwined work that was necessary to advance the prosecution of the non-competition claim and thus excluding the percentage unnecessary to advance those claims (*See* Dkt. #182-1). *See id.* In Stanton's opinion, 50% of LPHS's intertwined work was necessary to advance the non-competition claim, 35% of CBS's intertwined work on the federal court case was necessary to advance the Non-Competition Claim, and 25% of CBS's intertwined work on the state court case was necessary to advance the non-competition claim (Dkt. #182-1 at ¶ 42).

Defendants do not challenge the amount of fees *per se*. Instead, they challenge Stanton's opinion about the percentage of necessary work performed that advanced the non-competition claim (Dkt. #183). To do this, Defendants rely on the Declaration of their attorney, Catherine

12

Gather (Dkt. #183-1). In Gather's opinion, Stanton's opinion of the percentage of intertwined work necessary to advance the non-competition claim is overinflated (*See* Dkt. #183–1). However, Gather does not divide the intertwined fees in the same manner as Plaintiff (*Compare* Dkt. #182–1, *with* Dkt. #183–1). Instead,  she claims that no intertwined work is recoverable for the time period before Plaintiff filed its Motion for Preliminary Injunction (Dkt. #55),[5] at most 15% of the time CBS spend on intertwined work was necessary for the non-competition claim, and at most 25% of the work LPHS performed on intertwined matters was related to the non-competition claim (Dkt. #183-1). In Gather's opinion, reductions are appropriate because Plaintiff did not seek the enforce the non-competition agreement until it filed its Motion for Preliminary Injunction in December 2022 and all intertwined work was performed on undisputed facts and evidence already in Plaintiff's possession (Dkt. #183; Dkt. #183–1). Finally, Gather opines that it would not take an attorney more than fifty hours to complete a fee application and Plaintiff should only recover for twenty hours of work, resulting in a total of $10,000 in fees (Dkt. #183 at p. 7; Dkt. 183–1 at ¶ 25).

After reviewing the motions, declarations, applicable case law, trial testimony, evidence in the record, and attached spreadsheets, the Court finds that LPHS's intertwined fees should be discounted at a rate of 65%, CBS's intertwined fees for work in the federal case should be discounted at 65%, and CBS's intertwined fees for work in the state case should be discounted at 75%. Plaintiff appropriately applied the lodestar to determine the amount of fees it was entitled to,

---

[5] Gather's Declaration lists two potential cut-off dates in December 2022 as a cut-off, but she does not state which date is the one the Court should utilize (*See* Dkt. #183–1 at p. 2). The Court will use the later date of December 27, 2022, the date when Plaintiff filed its Motion for Preliminary Injunction as the date for its analysis. Ultimately, the Court finds picking a date as an arbitrary matter because it must evaluate the work that was actually done, not the date that a filing was made with the Court. And quite obviously, the work must be performed before the actual filing is made with the Court. However, for clarity, Gather is arguing that Plaintiff cannot recover $22,668.17 for any work CBS performed before it filed its Motion for Preliminary Injunction.

as discussed above in Section I. Plaintiff also created a presumption that its intertwined fees were recoverable at its suggested discounted rate, as Stanton rendered her opinion regarding the amount of necessary work that would have been performed even if there were no unrecoverable claims. *Tony Gullo*, 212  S.W.3d at 314.

However, Defendants controvert those opinions by providing the opinion of Gaither, who provided her own opinion as to the appropriate percentage by pointing to inconsistencies between Plaintiff's claimed percent and the work done on the case (Dkt. #183; Dkt. #183–1). *Hillegeist*, 667 S.W.3d at 359–60. Specifically, Defendants point out the following problems with LPHS's claim for intertwined fees:

1.  At trial, Luxottica admitted a total of fifty-two exhibits, but at most only sixteen of which (30%) could have conceivably related to the Non-Compete Claim.

2.  Of the three witnesses Plaintiff called, only two testified to the alleged competition, while most of their testimony was devoted to other issues.

3.  The facts necessary to prove the non-competition claim were not in dispute.

4.  Of the trial preparation work, no more than 25% of the work could conceivably have even in support of the non-competition claim, the only one out of eleven claims that would support recovery of attorneys' fees.

(Dkt. # 183–1 at ¶¶ 17–22). Similarly, Defendants note the following issues with CBS's claims for intertwined fees.

1.  CBS's fees primarily related to discovery, which are largely related to the trademark infringement claims.

2.  At most, 15% of the time spent on depositions could have been dedicated to the non-competition claim.

3.  The deposition of Mr. Zarkin was entirely unrelated to the non-competition claim.

4.      No more than 15% of written discovery was related to the non-competition claim.

5.      Defendants' responses were largely related to the trademark infringement claim because Plaintiff was already in possession of the documents related to Defendants' defenses, which were produced in the state court action.

(Dkt. #183–1 ¶¶9–16).

These observations accomplish the two different methods for challenging a fee proponent's presumption of reasonableness. First, Defendants point the Court to some specific evidence to rebut Plaintiff's claims. *See Hillegeist*, 667 S.W.3d at 359–60. The specific evidence is found in Gaither's opinion and her notation of documents in the record to support her opinion that the amount of work on intertwined fees could not reasonably advance both the non-competition claims and unrecoverable claims. *See id.* Second, Defendants provide their own opinions as to the appropriate percentage of work to advance both the recoverable and unrecoverable claims. *See id.* Thus, Defendants have effectively contravened the presumption established by Plaintiff's opinions about the percentage of work necessary to advance its non-competition claims as well as its unrecoverable claims. *See id.*

Since Defendants have carried their burden to rebut Plaintiff's presumption of reasonableness as to the intertwined fee amount, the burden shifts back to Plaintiff to establish the reasonable and necessary attorneys' fees it incurred in prosecuting the non-competition claims. *See id.* To achieve this goal, Plaintiff presents a variety of arguments. First, Plaintiff argues it is entitled to *all* of LPHS's intertwined fees (Dkt. #185 at pp. 2–3). However, such an argument is a misstatement of the law and inappropriate. *See Tony Gullo*, 212 S.W.3d at 310–14 (requiring segregation and of attorney's fees and an opinion of the necessary work performed in intertwined fees to recover the appropriate percentage of the intertwined fees). Plaintiff's echo the prior

15

understanding of recoverable intertwined fees as laid out in *Stewart Title Guar. Co. v. Sterling*, which the Texas Supreme Court overruled. *See id.* (citing *Stewart Title Guar. Co. v. Sterling*, 882, S.W.2d 1 (Tex. 1991)). Following the rule set out by the Texas Supreme Court, the Court finds Plaintiff's argument unpersuasive as the current standard *requires* Plaintiff to segregate its fees or to provide an opinion as to the amount of intertwined work necessary to successfully prosecute its non-competition claims. *See id.* Thus, Plaintiff is not entitled to recover *all* of the intertwined fees, rather it can recover only that percentage which was necessary to advance the non-competition claim if there were no unrecoverable claims. *Id.*

Next, Plaintiff asserts that it discounted LPHS's intertwined fees by 50% in an effort to be conservative (Dkt. #185 at pp. 5–6). According to Plaintiff, the discount and opinion of counsel is enough to entitle it to the discounted intertwined fees (Dkt. #185 at pp. 5–6) (citing *Hillegeist*, 667 S.W.3d at 357). In regard to CBS's intertwined fees, Plaintiff attempts to point to the full amount of fees incurred to justify why the requested fees are reasonable (Dkt. #185 at p. 6). However, as the Court has already discussed, the focus of the inquiry is on the amount of work necessary to advance the non-competition claim and other claims and defenses. Thus, the inquiry is whether Stanton's opinion that 35% CBS's intertwined work was necessary is a correct calculation of the necessary work performed. While Plaintiff claims its discount is "generous" the Court finds that the discount is required to reflect the amount of recoverable work performed. *See Hillegeist*, 667 S.W.3d at 357–60. As discussed above, Defendants provided specific evidence to controvert LPHS's fees, requiring the Court to evaluate the propriety of the evidence given to determine if the claimed fees are reasonable and necessary. *Id.* at 359–60.

Ultimately, the Court finds that 35% of the work LPHS performed and CBS performed on the federal case was necessary to advance the non-competition claim. First, Plaintiff does not provide an adequate explanation as to why 35% of CBS's intertwined work is necessary, while 50% of LPHS's was necessary. The Court finds that such a distinction between percentages is arbitrary and inconsistent based on the   arguments in Plaintiff's Motion and Stanton's Declaration. However, the Court, upon reviewing the evidence and documents in the record, agrees with Plaintiff that 35% of CBS's intertwined work was necessary to advance the non-competition claim.

As a guide to reach the conclusion that 35% of the intertwined work is recoverable, the Court looked to the admitted evidence (where approximately 30% was related to the non-competition claim), the findings of fact and conclusions of law, the motions filed throughout the litigation, and the Court's observations of the trial presentation and witnesses. *See Transverse*, 2023 WL 4056498, at *4 (approving of the evaluation of the fee proponent's legal output and exhibits at trial to determine the appropriate discount percentage). Ultimately, the fact that Plaintiff segregated portions of its fees solely related to the non-competition claim (*See* Dkt. #182; Dkt. #182–2; Dkt. #185). It also acknowledged that the non-competition was one of the three major categories that Plaintiff had to deal with at trial, and that the facts surrounding the non-competition claim were not heavily disputed (*See* Dkt. #182; Dkt. #182–2; Dkt. #185). Thus, the Court finds that approximately 35% of the intertwined work was necessary to advance the non-competition claim (*See* Dkt. #185). While LPHS's trial preparation was undoubtedly time-consuming, so too was CBS's management of pretrial issues and discovery. Ultimately, Plaintiff has failed to explain how CBS and LPHS can perform similar work when preparing for trial, but the latter spent more necessary work on the same claims. Thus, the Court finds that Plaintiff's claims for 50% of LPHS's

intertwined fees has not been adequately supported to be considered reasonable in comparison to the reasonable request for CBS's 35% of the fees for work performed on the federal case.

Second, Defendant makes an appropriate observation that the facts regarding the non-competition claim were largely undisputed and that roughly a third of the bench trial focused on the non-competition claims. Plaintiff had the burden to show why its opinion regarding LPHS's intertwined work exceeded that of CBS's once Defendants provided an adequate challenge. The Court finds that Plaintiff failed to explain why a higher percentage for LPHS is justified. However, the Court agrees with Plaintiff that 35% intertwined work related to the non-competition was necessary to advance the claim, as discussed above. The resulting evidence at trial and the filings presented to the Court in support of Plaintiff's fee request show that 35% is a reasonable amount of work necessary to advance the non-competition claim for intertwined work. Accordingly, the Court will apply a 65% discount to LPHS's intertwined fees and CBS's intertwined fees for work on the federal case. Thus, Plaintiff can recover a total of $199,238.61: $141,262.80 for LPHS and $57,975.81 for CBS.

For similar reasons, the Court also finds that the 75% discount applied to CBS's intertwined work on the state court claim is also reasonable. Given the fact that the state court claim involved very similar facts and discovery, the Court finds that Plaintiff's opinion about the percentage of work performed is likely accurate and will apply that discount to the claimed fees. As previously stated, the facts at trial, as well as the procedural history of this case, support that work performed regarding the state court injunction and claims would overlap with the work performed in the federal case. Thus, Plaintiff is entitled to the portion of the state court fees which were reasonably supported by the entire record of evidence and filings before the Court as 25% of those intertwined

18

fees were likely necessary to advance the federal court claims. Defendants have failed to explain why 25% of those fees is an unreasonable number given that the discovery in both cases overlapped, as well as the factual matters necessary to advance both claims.

Relatedly, Defendants claim that Plaintiff is not entitled to any fees before it filed its amended complaint and motion for a preliminary injunction in December 2022 (Dkt. #183–1 at ¶¶ 10). However, the Court rejects this argument as unreasonable because Plaintiff was obviously required to perform work before it filed those documents. Thus, the Court finds that the respective discounts apply to those fees. Accordingly, the Court finds that Plaintiff is entitled to recover $10,307.42 for CBS's work on the state court case, bringing its total of recoverable intertwined fees for CBS and LPHS to $209,546.03.

Plaintiff uses the lodestar method to calculate the amount of time it spent on the preparation of this Application, seeking to recover $25,560.00 (Dkt. #182 at p. 6). To support its claims for the fee application, Plaintiff applies the lodestar as follows:

| Timekeeper | Title | Rate | Hours | Total |
|---|---|---|---|---|
| Britta Erin Stanton | Partner | $750.00 | 12.0 | $9,000 |
| Amanda Alexander | Associate | $450.00 | 35.0 | $15,750 |
| Scott Smoot | Paralegal | $270.00 | 3.0 | $810 |
| **TOTAL** | | | | **$25,560** |

(Dkt. #182 at p. 6). Through Gaither, Defendants challenge this by arguing that it would not reasonably take *more* than fifty hours to prepare a fee application (Dkt. #183–1 at ¶ 25) (emphasis added). However, Gaither also claims that Plaintiff is only entitled to $10,000.00 (Dkt. #183 at p. 7). The Court finds that such an argument is inconsistent and does not provide specific evidence to challenge the reasonableness of the fees. *Rohrmoos*, 578 S.W.3d at 501. First, Plaintiff is only claiming fifty hours' worth of work, not more than fifty hours. Gaither admits that fifty hours would

be reasonable, thus the Court does not find that she adequately challenged the fee request. Second, Gaither's request that the Court should only award $10,000 (twenty hours') worth of work is unsupported by any rationale for the reduction. Such an unsupported and unexplained opinion is clearly not the specific evidence required to rebut the presumption of reasonableness. *See id.* Accordingly, the Court finds that Defendants did not provide specific evidence to challenge Plaintiff's request for fees associated with the fee application and Plaintiff is entitled to recover $25,560.00. *Id.* In total, the Court finds that Plaintiff is entitled to recover $331,413.53 in reasonable and necessary attorneys' fees for its successful non-competition claim.

## IV.    Costs of Court

Plaintiff's request $25,108.92 in discounted costs and expenses for the litigation (Dkt. #182 at p. 10). Defendants challenge these costs and seek a discount based on Gaither's opinion (Dkt. #183 at p. 7; Dkt. #183–1 at ¶ 23). However, Plaintiff failed to comply with Local Rule CV-54 regarding Judgments and Costs. Local Rule CV-54 requires parties to file a Bill of Costs with the Clerk no later than fourteen days after the Clerk enters the judgment on the docket. Local Rule CV-54(a). Before filing a Bill of Costs, the party seeking costs must "submit the proposed bill of costs to opposing counsel for review," and "if there are any areas of disagreement, meet and confer with opposing counsel." Local Rule CV-54(b). If a disagreement regarding costs cannot be resolved, the parties have one of two options: (1) file a joint motion indicating the areas of agreement and disagreement to be resolved by the Court, or (2) a motion by the party requesting costs indicating the areas of agreement and disagreement to be resolved by the Court. *Id.* If either motion is filed, the motion *must* contain a certificate confirming compliance with the conference requirements of Local Rule CV-54. *Id.*

Here, Plaintiff did not submit a Bill of Costs, nor a joint motion indicating the areas of agreement and disagreement. Plaintiff did file its Application for Attorneys' Fees and Costs (Dkt. #182). However, the Application is procedurally defective. The Application does not contain a certificate of conference indicating any effort was made to comply with Local Rule CV-54 (*See* Dkt. #182). Further, the Application does not discuss what fees, if any, are agreed to, or challenged by, Defendants. In the Court's view, Plaintiff did not attempt to comply with Local Rule CV-54 in any meaningful way. Defendants challenge that a percentage of the costs are recoverable shows that some of the costs may be agreed to by Plaintiff and Defendant. However, Plaintiff has failed to adequately follow Local Rule CV–54. Accordingly, the Court denies Plaintiff's Application for Costs without prejudice. The Court will permit Plaintiff an opportunity to cure its defective filing by following the requirements of Local Rule CV-54. Thus, if Plaintiff elects to pursue costs, it must file an agreed Bill of Costs with the Clerk within fourteen days of this order, or alternatively, a Motion in compliance with Local Rule CV-54.

## CONCLUSION

It is therefore **ORDERED** that Luxottica's Application for Attorneys' fees and Costs (Dkt. #182) is hereby **GRANTED** in part and **DENIED** in part.

It is **ORDERED** that Plaintiffs are entitled to recover the **$331,413.53** in reasonable and necessary attorney's fees.

It is further **ORDERED** that Plaintiffs request for costs is **DENIED** without prejudice. Plaintiff must a Bill or Costs or a Motion in compliance with Local Rule CV-54 within fourteen days of this Order if it intends to pursue costs.

**IT IS SO ORDERED.**

21

**SIGNED this 29th day of April, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE