# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LUXOTTICA OF AMERICA INC., § | |
| § | |
| *Plaintiff,* § | |
| v. § | Civil Action No. 4:22-cv-244 |
| § | Judge Mazzant |
| BRAVE OPTICAL, INC., JEFFREY § | |
| GRAY, AND DAWN GRAY, § | |
| § | |
| *Defendants.* § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Luxottica's Amended Application for Costs of Court and Expenses (Dkt. #192). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

## BACKGROUND

The background of this case is more fully set out in the Court's prior Order on Plaintiff's Application for Attorney's Fees and Costs (Dkt. #191). As pertinent here, the Court denied Plaintiff's request for costs without prejudice as it did not comply with Local Rule CV-54 (Dkt. #191 at pp. 20–22). Plaintiff filed its Amended Application for Costs of Court and Expenses on May 13, 2025 (Dkt. #192). Defendants have not responded to Plaintiff's Motion and the matter is now ripe in accordance with Local Rule CV-7(e).

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides a strong presumption that the prevailing party will be awarded costs. FED R. CIV. P. 54(d)(1); *Gray v. Powers*, No. H-08-3369, 2011 WL 13349321, at *2 (S.D. Tex. Jan. 19, 2011) (citing *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586

(5th Cir. 2006). Under Rule 54(d)(1), taxable costs are only recoverable if they fit within the categories listed in 28 U.S.C. § 1920. The specifically delineated categories under §1920 include: (1) fees of the clerk and marshal, (2) fees for transcripts necessarily obtained for use in the case, (3) fees for printing and witnesses, and (4) costs of making copies of any materials where the copies are necessarily obtained for use in the case. *Vanderbilt Mortg. & Finance, Inc., v. Flores*, No. C-09-312, 2011 WL 2160928, at *9  (S.D. Tex. May 27, 2011) (citing 28 U.S.C. § 1920).

However, Rule 54(d) contains a separate provision for non-taxable costs. FED. R. CIV. P. 54(d)(2). While federal law provides the procedure for recovery of nontaxable costs, state law determines whether they are recoverable. *Vanderbilt*, 2011 WL 2160928, at *20–21. Under Texas law, the prevailing party may request nontaxable costs under Rule 54(d)(2) along with attorney's fees, so long as a statute or contract provides for their recovery. *See id.* at *7.

## ANALYSIS

Plaintiff seeks to recover both taxable and nontaxable costs pursuant to the Parties' contracts (Dkt. #192). In its Amended Application, Plaintiff breaks down its taxable costs under the categories listed in 28 U.S.C. § 1920 (Dkt. #192 at pp. 4–8). Specifically, Plaintiff seeks the following amounts:

1. $140.70 for fees of the clerk and marshal under § 1920(1) (Dkt. #192 at p. 5);
2. $4,302.45 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case under § 1920(2) (Dkt. #192 at pp. 5–6);
3. $5,416.29 for fees and disbursements for printing under § 1920(3) (Dkt. #192 at pp. 6–7); and
4. $172.69 for exemplifications and the costs of making copies of materials necessarily obtained for use in the case under § 1920(4) (Dkt. #192 at pp. 7–8).

Additionally, Plaintiff seeks $7,398.88 in nontaxable costs pursuant to the parties' contracts (Dkt. #192 at pp. 1–4). These costs include costs for courier's, research, hotel rooms, meals, and

mediation fees (*See* Dkt. #192-2; Dkt. #192-3). For all of Plaintiff's costs, Plaintiff applied the appropriate discount rate for its intertwined costs, as discussed in the Court's prior Order on the recovery of intertwined attorneys' fees (*See* Dkt. #191).

I. **Taxable Costs**

   A. **Fees of the clerk and marshal—§1920(1)**

Plaintiff incurred a total of $402.00 to file its Complaint in this case (Dkt. #192 at p. 5). Plaintiff discounted this amount by 65% for a total of $140.70 (Dkt. #192 at p. 5). Plaintiff discounted this amount as it claims the cost includes intertwined amounts between recoverable and nonrecoverable costs to comply with the Court's prior Order on discounting intertwined attorneys' fees (*See* Dkt. #191; Dkt. #192 at p. 5). Under §1920, fees for filing a complaint are recoverable as a taxable cost of court. *See, e.g.*, *Shenzen Synergy Digit. Co. Ltd. v. Mingtel, Inc.*, No. 4:19-CV-00216, 2022 WL 2255252, at *2 (E.D. Tex. June 22, 2022). Thus, Plaintiff is entitled to recover the requested $140.70.

   B. **Fees for transcripts necessarily obtained for use in the case—§1920(2)**

Plaintiff incurred a total of $14,261.86 for transcripts in this case (Dkt. #192 at pp. 5–6). Plaintiff applied the discount rates discussed in the Court's prior Order on intertwined fees to the transcripts as they included intertwined work on Plaintiff's recoverable and non-recoverable claims, resulting in a request for $4,302.45 (Dkt. #191; Dkt. #192 at pp. 5–6). The trial court has great discretion to tax the cost of depositions and transcripts if it finds that all or any part of the deposition or transcript was necessarily obtained for use in the case. *See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1552 (5th Cir. 1984); *see also Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 530 (5th Cir. 1999) ("[A]s long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs."). Further,

3

transcripts of pre-trial hearings may be taxed under § 1920(2) when the transcript was necessarily obtained to prepare for or participate in trial. *See HEB Grocery Co., LP v. Tex. Spice Co., Inc.*, No. SA-05-CA-1044-H, 2008 WL 11408783, at *2 (W.D. Tex. June 30, 2008) (citing *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615–16 (5th Cir. 1985)). After reviewing the request, the applicable law, and the proceedings before this Court, the Court finds that the requested costs for deposition and pre-trial hearing transcripts were necessary for preparation and presentation of the case. Thus, the requested fees are recoverable.

    C.    **Fees for printing and witnesses—§1920(3)**

Plaintiff incurred a total of $15,475.11 in printing fees for this case (Dkt. #192 at pp. 6–7). Plaintiff requests $406.09 for printing fees for "Federal hearing binders for hearing on Luxottica's Motion for Preliminary Injunction" (Dkt. #191 at p. 7). Plaintiff requests five other categories of printing fees but does not disclose what types of documents were copied and printed (Dkt. #191 at p. 7). Further, the request also includes costs for index tabs, labor, bates stamping, and "tech time" (Dkt. #191 at p. 7). The remaining requests for printing fees are discounted by the intertwined rate determined in the Court's prior Order (Dkt. #191; Dkt. #192 at pp. 6–7). In total, Plaintiff requests $5,416.29 for printing fees (Dkt. #192 at pp. 6–7).

While the term "printing" as used in § 1920(3) is not defined in the statute, courts in the Fifth Circuit generally interpret the extension of §1920(3) as to only the printing costs. *Mosley v. Liberty Mut. Ins. Co.*, No. 3:21-cv-1699–L, 2023 WL 4551575, at *5 (N.D. Tex. June 28, 2023), *R&R adopted*, No. 3:21-CV-1699-L, 2023 WL 4553386 (N.D. Tex. July 14, 2023); *HostingXtreme Ventures, LLC v. Bespoke Grp., LLC*, No. 3:14-CV-1471-M, 2019 WL 2567655, at *2 (N.D. Tex. June 20, 2019) (citing *Fogleman v. ARMACO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285–86 (5th Cir. 1991)). Thus, 1920(3) will only provide for the printing of documents, but will not cover

binders, tabs, or multiple copies. *See Mosley*, 2023 WL 4551575, at *5–6; *HostingXtreme*, 2019 WL 2567655, at *2; *Allstate Ins. Co. v. Receivable Fin. Co.*, No. 3:01-CV-2247-N, 2008 WL 11422527, at *3 (N.D. Tex. Apr. 2008); *Fogleman*, 920 F.2d at 285–86. Currently, Plaintiff's request for costs under §1920(3) does not segregate the expenses between those for printed documents and the other expenses included (*See* Dkt. #192 at p. 7). Further, Plaintiff does not explain if the printing costs include those related to a single set of documents or multiple convenience copies for counsel (*See* Dkt. #192 at p. 7). Therefore, the requested fees are not recoverable under §1920(3). The Court will evaluate these costs with the other non-taxable costs in Section II.

D. **Costs of making copies of any materials where the copies are necessarily obtained for use in the case—§1920(4)**

Plaintiff incurred a total of $493.40 for "in-house copy charges." (Dkt. #192 at pp. 7–8). Plaintiff discounted these charges with the applicable discount rate, which lowered the request to $172.69 (Dkt. #192 at pp. 7–8). Plaintiff does not provide any breakdown as to what was included in these copying costs (*See* Dkt. #192). In the Fifth Circuit, a party is not required to itemize each specific page copied, but a party is required to do more than a blanket assertion of photocopying costs. *Chembulk Hou. Pte. Ltd v. M/V Monte Alegre*, No. H-15-714, 2018 WL 3756840, at *3 (S.D. Tex. Aug. 8, 2018); *Fogleman*, 920 F.2d at 286 ("While we certainly do not expect a prevailing party to identify every xerox copy made for use in the course of legal proceedings, we do require some demonstration that reproduction costs necessarily result from that litigation."); *Kellogg Brown & Root Intern., Inc. v. Altanmia Com. Mktg. Co. W.L.L.*, No. H-07-2684, 2009 WL 1457632, at *6 (S.D. Tex. May 26, 2009) (denying requested photocopying costs where movant provided a spreadsheet without descriptions of what was copying or why, and explaining that there is a requirement for the prevailing party to provide some information about the types or categories of

documents copied and the reason for the copies). As Plaintiff has not provided any description of the types of copies made, nor the reason for them, Plaintiff has not satisfied the burden under § 1920(4). The Court will evaluate these costs with the other non-taxable costs in Section II.

## II.  Non-Taxable Costs

Plaintiff explicitly requests $7,398.88 in non-taxable costs and argues they are recoverable under the contractual agreement between the parties (Dkt. #192 at pp. 1–4). Additionally, the Court will consider whether the $5,588.98 in fees requested in Sections I.C–D are recoverable under the contracts. Ultimately, the Court finds that all of the remaining fees are recoverable. Plaintiff's non-taxable costs are recoverable under the contracts, which permits the recovery of "all costs . . . in connection with the enforcement of [the] Agreement" (Dkt. #164–17 at pp. 7–9; Dkt. #178 at p. 5–6).

A prevailing party is permitted to recover non-taxable costs, such as those sought by Plaintiff, when the contracts contain a provision for "all costs." *See, e.g.*, *Peak Tech. Servs., Inc. v. Land & Sea Eng'g, LLC*, No. H-10-1568, 2012 WL 3234203, at *9 (S.D. Tex. Aug. 6, 2012); *MWK Recruiting, Inc. v. Jowers*, No. 1:18-CV-444-RP, 2024 WL 756280, at *6 (W.D. Tex. Jan. 29, 2024); *Trident Steel Corp. v. Vecta Oil & Gas, Ltd.*, No. 4:16-CV-339, 2018 WL 880819, at *7 (S.D. Tex. Feb. 14, 2018). As the contracts permit recovery of these costs, and Plaintiff has applied the discount rate applicable to its intertwined costs, the Court finds that the nontaxable costs are recoverable pursuant to the parties' agreement. Therefore, the Court finds that Plaintiff is entitled to recover $17,431.01 from Defendants.

## CONCLUSION

It is therefore **ORDERED** that Luxottica's Amended Application for Costs of Court and Expenses (Dkt. #192) is hereby **GRANTED**. It is **ORDERED** that Plaintiffs are entitled to recover $17,431.01 in costs from Defendants.

**IT IS SO ORDERED.**

SIGNED this 23rd day of July, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE